## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEON WEINGRAD, individually
and on behalf of all others similarly
situated,

        Plaintiff,

  v.

YELP, INC.,

        Defendant.

CASE NO. 1:24-cv-01330-CCC

### DEFENDANT'S UNOPPOSED MOTION TO EXTEND
### TIME TO RESPOND TO PLAINTIFF'S CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 6, Defendant Yelp, Inc. ("Defendant") respectfully moves this Court for a brief extension of time (through Monday, September 30, 2024) to answer or otherwise respond to Plaintiff Leon Weingrad's Class Action Complaint ("Complaint"), ECF No. 1.

Defendant states as follows in support:

1.     Plaintiff filed the instant Complaint on August 7, 2024. ECF No. 1.

2.     Defendant was served on August 9, 2024.  ECF No. 4.

3.     Consequently, Defendant's deadline to respond to the same is currently August 30, 2024. *See id.*; FED. R. CIV. P. 12(a)(1)(A) (21 days to respond to complaint from service on Defendant).

4.    Defendant recently retained counsel and is in the process of investigating Plaintiff's allegations.  As such, Defendant needs additional time to complete its preliminary investigation and assess, *inter alia*, the validity and sufficiency of Plaintiff's allegations, defenses to liability and class certification, whether early motion practice is warranted, and whether this Court has jurisdiction. Additional time also will allow the parties to determine whether they can resolve this matter without judicial intervention.

5.    This is Defendant's first request for an extension, and the extension will not impact these proceedings.

6.    The Court has not yet entered a scheduling order.  The extension will therefore have no impact on the case schedule.

7.    Defendant has conferred with Plaintiff's counsel, who advised that Plaintiff does not oppose the extension.  Accordingly, the extension will not prejudice Plaintiff.

8.    This request is made in good faith and not for purposes of delay.

9.    In light of the foregoing, good cause exists to extend the time for Defendant to respond to the Complaint.  *See, e.g.*, *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298 (3d Cir. 1995) (explaining that extensions should be granted when good cause is shown); FED. R. CIV. P. 6 ("[T]he court may, for good cause,

extend the time [] if a request is made, before the original time or its extension expires[.]").

WHEREFORE, Defendant respectfully requests that the Court grant this motion and allow it until Monday, **September 30, 2024** to answer, move, or otherwise respond to the Complaint.

DATED:  August 29, 2024

Respectfully submitted,

*/s/ Matthew A. Lipman*
Matthew A. Lipman, Esquire
PA Identification No.: 86892
mlipman@mdmc-law.com
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1617 JFK Boulevard, Suite 1500
Philadelphia, Pennsylvania 19103-1815
Tel: (215) 557-2900
Fax: (215) 557-2990

*Counsel for Defendant, Yelp, Inc.*

## **LOCAL RULE 7.01 CERTIFICATION**

Pursuant to Local Rule 7.01, counsel for Defendant certifies that counsel for Defendant conferred with counsel for Plaintiff regarding this motion. Plaintiff's counsel advised that Plaintiff does not oppose the relief requested herein.

*/s/ Matthew A. Lipman*
Matthew A. Lipman

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2024, I caused to be electronically filed a true and correct copy of the foregoing by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Matthew A. Lipman*
Matthew A. Lipman